UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
-----------------------------------------------------
Jere Blake Williams, individually and
on behalf of a class,                          Case No._____
Plaintiff

      v.

Integrity Warranty LLC
Defendant
-----------------------------------------------------

Class Action Complaint with Jury Demand

1- Plaintiff Jere Blake Williams ("Williams") is an individual.

2- He purchased a used car from a Georgia car dealership.

3- The car was advertised to the public.

4- The car was in good shape and there were no conditions or pre-existing conditions which rendered the car inoperable or in need of repair.

5- The car was in good shape and there were no conditions or pre-existing conditions which required repair.

6- Defendant Integrity Warranty, LLC ("Integrity") is a Delaware LLC.

7- For $4,500, Williams purchased an Integrity Warranty Bronze contract (the "contract") in Georgia to cover certain repairs for the used car. **See attached Exhibit A- Integrity Warranty Bronze Contract.**

8- Williams was charged an optional surcharge for selecting "Day One Coverage".

9- Immediately above the signature line the contract stated- "*Unless* Day One Coverage is selected above, Contract carries a 30 day/1,000 mile waiting period." (Emphasis added).

10-    As noted, Day One Coverage was selected.

11-    The contract contained a Section number 5 "What is not Covered" which provides- "1. Pre-Existing Conditions Are Not Covered Under This Contract."

12-    The term "pre-existing condition" is not defined by the contract.

13-    Whatever the meaning of "pre-existing conditions are not covered under this contract" is, the 30 day/ 1,000 mile waiting period ensures that no pre-existing condition is covered unless Day One Coverage is selected.

14- Williams paid an extra fee for Day One Coverage so that he does not have a 30 day/ 1,000 mile waiting period and his claims are covered with no waiting period.

15- The contract Williams entered covered repairs occurring immediately after the contract was entered.

16- The "pre-existing" clause was a restatement of the fact that there was a 30 day/ 1,000 mile waiting period before Integrity covered claims.

17- The "pre-existing" clause did not apply when Day One Coverage was selected.

18- Williams had the expectation that because Day One Coverage was selected the "pre-existing" clause did not apply.

19- The term "pre-existing" means existing at an earlier time or existing before something else.

20- The term "condition" means the state of something regarding its appearance, quality, or working order.

21- Thus, when the contract excludes "pre-existing conditions" it simply means if there are conditions requiring repair at the time of

the contract with Integrity, only those conditions are not covered under the contract.

22- However, conditions which did not exist at the time of the contract but came into existence after the contract took affect would be covered.

23- In all events the pre-existing disclosure sentence was replaced as described in Section 14- "State Specific Disclosures".

24- Under the Georgia state specific disclosure, it states that Item 1 is amended to read "Pre-Existing Conditions, **known to You**, are not covered under this contract." (Emphasis added).

25- After entering the contract with Integrity, Williams drove his car from the dealership and there were no issues.

26- At the time he entered the contract with Integrity there were no existing issues requiring repair and no pre-existing conditions requiring repair.

27- Integrity was not aware of any pre-existing conditions that would not be covered under the contract.

28- Williams was not aware of any pre-existing conditions that would not be excluded from coverage under the contract.

29- Williams' car broke down while on vacation in Florida because of a transmission issue.

30- Williams believed that the contract he had just purchased would cover the repair.

31- Williams understood that he had agreed with Integrity that Integrity and not Williams would pay for the repair.

32- Under the plain language of the contract, this repair was to be covered by Integrity.

33- Williams and Integrity had agreed that for $4,500 this repair would be covered.

34- At the time the contract was entered, neither Integrity nor Williams knew that there was a problem with the transmission.

35- Integrity believed that there was no problem with the transmission at the time that Williams entered the contract.

36- Williams believed that there was no problem with the transmission at the time that he entered the contract with Integrity.

37- The problem that arose with the transmission was not pre-existing.

38- The transmission repair was not due to a pre-existing condition.

39- The transmission repair was supposed to be covered under the contract.

40- Williams notified Integrity of the issue.

41- Williams fulfilled his notice obligations under the contract.

42- But Integrity failed and refused to cover the repair. **See attached Exhibit B claim denial.**

43- Integrity claimed that because the repair was for a pre-existing condition, therefore it was not covered under the contract.

44- But that was just a made-up excuse by Integrity for purposes of not honoring the contract that Williams paid $4,500 for.

45- On its website as of January 23, 2022, Integrity advertises its contracts to dealerships with the following sales pitch "When you're selling a pre-owned car, the main selling point is confidence. You assure the customer that, if the car breaks down, the repair is covered. We provide that assurance." **See attached Exhibit C website printout**.

46- There was no pre-existing condition in the car that allowed Integrity to contractually not pay for the repairs.

47- Integrity never claimed that Plaintiff knew about the pre-existing condition.

48- Even if there was a pre-existing condition which Plaintiff denies, Plaintiff certainly did not know about the pre-existing condition.

49- Plaintiff needed to pay $5,865.57 for the repair. **See attached Exhibit D- Receipt for Plaintiff's Payment.**

50- The repair should have been covered by Integrity because of the contract.

51- As required under OCGA 10-1-399(b) for a company that maintains a place of business or keeps assets within Georgia, at least 30 days prior to the filing of this case, Plaintiff through the undersigned sent a written demand for relief identifying Plaintiff and describing the unfair or deceptive act or practice and described his injury.

52- Integrity failed and refused to resolve Plaintiff's claim.

53- On information and belief, Integrity Warranty does not maintain a place of business within Georgia, nor does it have assets within Georgia and thus the 10-1-399(b) notice is not required.

54- Integrity committed an unfair or deceptive act or practice by claiming that the contract did not cover pre-existing conditions when that is a false statement because the contract in fact does cover pre-existing conditions if the pre-existing condition is not known to Williams at the time that he purchased the contract.

55- Williams was injured because under the contract Integrity and not Williams should have paid for the repair.

**Jurisdiction and Venue**

56- This Court has jurisdiction over this case under the Class Action Fairness Act 28 USC 1332(d).

57- On information and belief, Integrity is a citizen of Tennessee and Delaware.

58- Some members of the class are citizens of Georgia.

59- There are 100 or more class members.

60- The contract that Williams entered is a form contract and reflects the type of contract that is offered to the public on a large-scale basis.

61- There is more than 5-million-dollars in controversy in this class action.

62- Williams himself has damages more than $20,000 not including punitive damages and attorney's fees.

63- Williams has damages of more than $5,000 for the breach of contract claim, and three times $5,000 or $15,000 for the Fair Business Practices Act claim plus punitive damages and attorney's fees. See *Cross v. Equityexperts.org, LLC*, No. 19-14067, 2021 U.S. App. LEXIS 33623, 2021 WL 5279412 (11th Cir. Nov. 12, 2021) (awarding a total judgment of $147,702.35 for Fair Business Practices Act and FDCPA claims based on a wrongful lawsuit of $2,802.02).

64- Just 251 class members with $20,000 claims would make the amount at issue more than 5 million dollars.

65- Venue is proper within this district because Williams entered the contract which gives rise to this case in Gwinnett County Georgia.

**Count I- Breach of contract**

66- Williams entered a contract with Integrity.

67- Williams paid $4,500 in exchange for an agreement from Integrity to pay for certain repairs if they arose in the future.

68- Integrity breached the contract by refusing to pay for the repairs that it had agreed to pay for by giving an invalid excuse.

69- Williams was damaged because he had to pay $5,865.57 for the repairs when Integrity was contractually responsible to pay for the repairs.

## **COUNT II- Violation of Georgia's Fair Business Practices Act- OCGA 10-1-399**

70- Williams gave the required pre-suit notice to bring this case.

71- Alternatively, Williams did not need to provide any pre-suit notice because Integrity does not maintain assets within Georgia and does not maintain a place of business within Georgia.

72- Integrity engaged in unfair or deceptive act or practice by entering contracts with members of the public by accepting money in exchange for agreeing to pay for certain repairs with the intent of not honoring its side of the deal.

73- Integrity accepted the money and then refused to pay for repairs by citing inapplicable contract terms.

74- Specifically, Integrity would refuse to pay for certain repairs on account of the repairs being excluded because of a pre-existing condition when the contract itself only excludes pre-existing conditions known to the purchaser.

75- Integrity has a practice and procedure of not determining whether the person it entered the contract with knew of the pre-existing condition before refusing to pay a claim since the person knew of the pre-existing condition.

76- Integrity has a practice and procedure of refusing to honor its obligations under the contract by making up invalid reasons such as that there was a pre-existing condition.

77- Integrity's violations were intentional, and therefore Williams is entitled to three times $5,865.57 or $17,596.71.

78- Integrity's violations were intentional and therefore Williams is entitled to punitive damages in an amount to be determined at trial.

## CLASS ALLEGATIONS

79- Williams brings this case on behalf of a class.

80- The class is defined as 1) all individuals who paid money to enter a contract with Integrity through a car dealership within the state of Georgia, 2) which contained terms substantially like the terms in Williams's contract, 3) where Integrity refused to pay under the contract because of "pre-existing condition".

81- On information and belief, the class contains more than 500 individuals making joinder impracticable.

82- The identity of the class members can easily be determined by resort to a ministerial task of reviewing Integrity's records.

83- There are questions of law and fact common to the class such as what was the reason that Integrity refused to pay for the repairs and did the contract allow Integrity to decline to pay for repairs based on the reason of pre-existing condition.

84- Williams' claim is typical of the claims of the class in that Integrity refused to pay for repairs because of "pre-existing

condition" when there is no indication that Williams knew that there was a pre-existing condition.

85- Williams' claim is identical to each of the class members claims.

86- Williams is adequate to represent the class and his interests are aligned with the interests of the class.

87- Williams has retained counsel with experience and resources to prosecute this case.

88- The class and the court are best served by having all the disputes between class members and Integrity handled in this case.

89- The overriding questions in this case is whether Integrity's denial of claims based on "pre-existing condition" is valid or invalid.

90- There are no difficulties in managing this class action.

91- This Court is an ideal place to resolve the breach of contract dispute and related Fair Business Practices Act claim because it involves Georgia law and concerns a contract entered in Georgia.

92- On information and belief, there is no other litigation pending concerning the issues raised in this case.

93- Identification of class members and damages requires the easily accomplished task of viewing the electronic records of Integrity to see

those claims that Integrity refused coverage under the contract because of "pre-existing condition" and the dollar amount of damages that Integrity would have paid had the claim not been denied because of "pre-existing condition".

94- The class as defined typically will be unable to pursue their claims on an individual basis because the cost of doing so exceeds any recovery they might secure.

95- Indeed, Williams wrote a letter asking for relief which was ignored.

96- The class action is superior to other available methods for the fair and efficient adjudication of the controversy.

WHEREFORE, the Court should certify the class identified and enter judgment in favor of Williams and the class and against Integrity on the breach of contract and Fair Business Practices Act claims.

Dated: February 7, 2022

Respectfully submitted,

By: /s/ Shimshon Wexler
GA Bar No. 436163
S Wexler LLC
2244 Henderson Mill Rd, Ste 108
Atlanta, GA 30345
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com